IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| **ROBERT ENTOUS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| | : | Civil Action File No. _____ |
| **vs.** | : | |
| | : | |
| **LINDBERGH@SUMMERLIN, LLC;** | : | Jury Trial Demanded |
| **MARCO REVAH; AND CAROLINE** | : | |
| **REVAH,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff Robert Entous, by and through the undersigned counsel and pursuant to

Fed. R. Civ. P. 7, brings this Complaint against Lindbergh@Summerlin, LLC d/b/a

Lindbergh USA (hereinafter "Lindbergh"), Marco Revah, and Caroline Revah,

asserting minimum wage and overtime wage claims under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, for violation of

O.C.G.A. § 34-4-3 (Georgia Minimum Wage), and for common law breach of

contract, quantum meruit, and promissory estoppel, showing the Court as follows:

**Jurisdiction and Venue**

1.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA § 16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.

This Court has supplemental jurisdiction over Plaintiff's claims based on the laws of the State of Georgia pursuant to 28 U.S.C § 1367(a), are these claims are so related to the federal claims which provide this Court with original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

**Parties**

4.

Plaintiff Robert Entous is a resident of Los Angeles County, California.

5.

Defendant Lindbergh is a limited liability company existing under the laws of the State of Nevada. Lindbergh may be served with process via service on its Registered Agent, Borg Law Group, LLC, 9555 Hillwood Drive, Suite 150, Las Vegas, NV 89134 or at its retail business address of 3035 Peachtree Road NE, Atlanta, GA 30305.

6.

Defendant Lindbergh is subject to the personal jurisdiction of this Court.

7.

Defendant Marco Revah is an owner and manager of Lindbergh, and is a resident of Palm Beach County, Florida. Marco Revah may be served with process at his residence in Palm Beach County, or wherever he may be found.

8.

Marco Revah is subject to the personal jurisdiction of this Court.

9.

Defendant Caroline Revah is an owner and manager of Lindbergh, and is a resident of Palm Beach County, Florida. Caroline Revah may be served with process at his residence in Palm Beach County, or wherever he may be found.

10.

Caroline Revah is subject to the personal jurisdiction of this Court.

**Factual Allegations**

11.

Plaintiff brings this Action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to recover unpaid minimum and overtime wages from his former employers. He additionally brings a state law claim for failure to pay Georgia minimum wage pursuant to O.C.G.A. § 34-4-6, and common law claims for breach of contract and quantum meruit. Plaintiff also requests his costs of litigation and reasonable attorney's fees pursuant to O.C.G.A. § 13-6-11 because of Defendants' bad faith in the underlying transaction; because Defendants have been stubbornly litigious, and have caused the plaintiff unnecessary trouble and expense.

12.

Plaintiff worked for Defendants as an operations manager from approximately April 18, 2016 through May 16, 2016 (hereinafter "the Relevant Time Period").

13.

Defendants own and operate Lindbergh, a men's clothing store with locations in Las Vegas, Nevada; Chesterfield, Missouri; and Atlanta, Georgia.

14.

In 2016, Lindbergh will have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

15.

In 2016, Lindbergh had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

In 2016, Lindbergh had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

In 2016, Lindbergh was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

18.

At all relevant times, Plaintiff did not receive a salary.

19.

At all relevant times, Plaintiff was not guaranteed at least $455.00 per week in salary.

20.

At all relevant times, Plaintiff was not exempt from the minimum wage and

overtime requirements of the FLSA by reason of any exemption pursuant to FLSA

§ 6, 7, or 13. (29 U.S.C. § 206, 207, or 213).

21.

At all relevant times, Defendants controlled the timing and manner of Plaintiff's

work.

22.

At all relevant times, Plaintiff did not share Defendants' opportunity for profit or

loss depending upon his managerial skill.

23.

At all relevant times, Plaintiff's investment in equipment and materials required for

his work was *de minimis* relative to that of Defendants.

24.

At all relevant times, Plaintiff's work did not involve any special skill or

knowledge requiring advanced training.

25.

At all relevant times, the work done by Plaintiff was an integral and essential part

of Defendants' business.

26.

At all relevant times, Plaintiff was an "employee" as defined in 29 U.S.C.

§ 203(e)(1).

27.

At all relevant times, Lindbergh was Plaintiff's "employer" as defined in FLSA

§ 3(d), 29 U.S.C. § 203(d).

28.

At all relevant times, Defendant Marco Revah acted directly or indirectly in the

interest of Lindbergh in his interactions with Plaintiff, and he controlled the terms

and conditions of Plaintiff's employment.

29.

Specifically, Defendant Marco Revah was and is an owner of Lindbergh and was

its highest level manager on a day-to-day basis.

30.

At all relevant times, Defendant Marco Revah had authority and exercised control

over the finances and operations of Lindbergh.

31.

At all relevant times, Defendant Marco Revah exercised managerial authority and control over the day-to-day business of Lindbergh, including the Plaintiff and other employees.

32.

At all relevant times, Defendant Marco Revah exercised the ultimate control over hiring and firing employees, including Plaintiff.

33.

At all relevant times, Defendant Marco Revah determined the pay rate and the method of pay for employees.

34.

At all relevant times, Defendant Marco Revah was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

35.

At all relevant times, Defendant Caroline Revah acted directly or indirectly in the interest of Lindbergh in her interactions with Plaintiff, and she controlled the terms and conditions of Plaintiff's employment.

36.

Specifically, Defendant Caroline Revah was and is an owner of Lindbergh and was a high-level manager on a day-to-day basis.

37.

At all relevant times, Defendant Caroline Revah had authority and exercised control over the finances and operations of Lindbergh.

38.

At all relevant times, Defendant Caroline Revah exercised managerial authority and control over the day-to-day business of Lindbergh, including the Plaintiff and other employees.

39.

At all relevant times, Defendant Caroline Revah exercised the control over the terms and conditions of Plaintiff's compensation.

40.

At all relevant times, Defendant Caroline Revah was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

41.

Prior to the beginning of Plaintiff's work for Defendants, Defendants agreed to pay Plaintiff $10 per hour for his work.

42.

Prior to the beginning of Plaintiff's work for Defendants, Defendants agreed to pay Plaintiff overtime compensation for hours worked over 40 per workweek.

43.

Prior to the beginning of Plaintiff's work for Defendants, Defendants agreed to provide Plaintiff with housing in a condominium at no cost to him as part of his compensation.

44.

Prior to the beginning of Plaintiff's work for Defendants, Defendants agreed to employ Plaintiff for a minimum of two months.

45.

Prior to the beginning of Plaintiff's work for Defendants, Defendants agreed to reimburse Plaintiff for his costs necessarily incurred in relocating to Atlanta, Georgia from Miami, Florida, as Defendants required that Plaintiff relocate to Georgia to perform his duties.

46.

Plaintiff performed his duties as store manager throughout the Relevant Time Period.

47.

Plaintiff worked in excess of 40 hours during each workweek of the Relevant Time Period.

48.

To date, Defendants have not paid Plaintiff any wages whatsoever.

49.

To date, Defendants have not reimbursed Plaintiff for his expenses necessarily incurred in relocating to Atlanta, Georgia from Miami, Florida.

50.

Defendants terminated Plaintiff's employment on May 16, 2016.

**COUNT ONE – FAILURE TO PAY MINIMUM WAGES UNDER THE FLSA (29 U.S.C. §§ 206 AND 215) AGAINST ALL DEFENDANTS**

51.

Paragraphs 1 through 50 are incorporated herein by this reference.

52.

At all relevant times, Plaintiff was an "employee" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) and was entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

53.

Defendants failed to compensate Plaintiff at or above the federal minimum wage for each hour worked during his employment.

54.

Plaintiff is entitled to payment of minimum wages at the rate of $7.25 per hour in a total amount to be determined at trial, pursuant to FLSA §§ 206(a) and 16(b), 29 U.S.C. §§ 206(a) and 216(b).

55.

Because Defendants' failure to pay Plaintiff at or above the federal minimum wage was willful, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of minimum wages as alleged above, Defendants are liable to Plaintiff for his litigation costs, including his reasonable attorney's fees, pursuant to FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT TWO – FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA (29 U.S.C. §§ 207 AND 215) AGAINST ALL DEFENDANTS

57.

Paragraphs 1 through 50 are incorporated herein by this reference.

58.

During the Relevant Time Period, Plaintiff was an "employee" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) and was entitled to the overtime wage protections set forth in in FLSA § 7(a), 29 U.S.C. § 207(a).

59.

In each workweek during the Relevant Time Period, Plaintiff worked more than 40 hours.

60.

At all relevant times, Defendants failed to pay Plaintiff at one-and-one-half times his regular rate of pay of $10 per hour for work in excess of 40 hours in any workweek.

61.

At all relevant times, Defendants willfully failed to pay Plaintiff at one-and-one-half times his regular rate of pay for work in excess of 40 hours in any workweek.

62.

Plaintiff is entitled to payment of overtime wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

63.

As Defendants' failure to pay Plaintiff overtime wages as required by the FLSA was willful, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

64.

As a result of the Defendants' failure to pay overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorney's fees, in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

### COUNT THREE – FAILURE TO PAY THE GEORGIA MINIMUM WAGE AGAINST ALL DEFENDANTS

65.

Paragraphs 1 through 50 are incorporated herein by this reference.

66.

At all relevant times, Plaintiff was a "covered employee" as defined in O.C.G.A. § 34-4-3.

67.

At all relevant times, Plaintiff was entitled to the minimum wage protections set forth in O.C.G.A. § 34-4-3.

68.

At all relevant times, Plaintiff was not exempt from the minimum wage requirements of O.C.G.A. § 34-4-3 by reason of any exemption.

69.

As alleged above, Defendants failed to compensate Plaintiff at an hourly rate above or equal to the minimum wage in accordance with O.C.G.A. § 34-4-3.

70.

Plaintiff is entitled to payment of Georgia minimum wages in an amount to be determined at trial, pursuant to O.C.G.A. § 34-4-6.

71.

Plaintiff is entitled to liquidated damages in additional amount equal to his original claim for unpaid minimum wages, pursuant to O.C.G.A. § 34-4-6.

72.

Plaintiff is entitled to receive his litigation costs, including his reasonable attorney's fees, pursuant to O.C.G.A. § 34-4-6.

**COUNT FOUR – BREACH OF CONTRACT AGAINST DEFENDANT LINDBERGH**

73.

Paragraphs 1 through 50 are incorporated herein by this reference.

74.

The Parties' agreement that Plaintiff would work for Lindbergh in exchange for payment of $10 per hour and other benefits as alleged above constituted a legally binding contract.

75.

Plaintiff did in fact perform work for Lindbergh and substantially complied with all obligations imposed on him under the Parties' agreement.

76.

Lindbergh's failure to pay Plaintiff in accordance with the agreement constitutes a material breach of the agreement.

77.

As the direct and foreseeable result of this breach, Plaintiff has sustained damages in an amount to be proven at trial. These damages include promised but unpaid wages at the rate of $10 per hour, $15.00 per hour for all hours worked in excess of forty in any given workweek and reimbursement for relocation expenses.

78.

Lindbergh intentionally and willfully breached its agreement with Plaintiff and has refused to honor its obligations to Plaintiff.

## COUNT FIVE – ATTORNEY'S FEES AND COSTS OF LITIGATION PURSUANT TO O.C.G.A. § 13-6-11 ASSERTED AGAINST DEFENDANT LINDBERGH

### 79.

Paragraphs 1 through 50 are incorporated herein by this reference.

### 80.

As Defendant Lindbergh willfully and intentionally breached the Contract in bad faith, Lindbergh has been stubbornly litigious and has caused Plaintiff unnecessary trouble and expense in connection with this matter, entitling Plaintiff to be awarded his reasonable attorney's fees and costs and expenses of litigation.

### COUNT SIX – QUANTUM MERUIT AGAINST DEFENDANT LINDBERGH

### 81.

Paragraphs 1 through 50 are incorporated herein by this reference.

### 82.

Plaintiff's performance of work for Lindbergh was valuable to Lindbergh.

### 83.

Plaintiff's performance of work for Lindbergh was at the request of Lindbergh and knowingly accepted by Lindbergh.

### 84.

Plaintiff performed work for Lindbergh with the expectation of compensation by Lindbergh.

85.

It would be unjust not to require Lindbergh to compensate Plaintiff for work.

86.

Plaintiff is entitled to receive an amount equal to the value he conferred to Lindbergh through his last week of work in an amount to be determined at trial.

### COUNT SEVEN – PROMISSORY ESTOPPEL ASSERTED AGAINST DEFENDANT LINDBERGH

87.

Paragraphs 1 through 50 are incorporated herein by this reference.

88.

Prior to Plaintiff's first day of work for Lindbergh, Lindbergh promised to pay Plaintiff in return for Plaintiff's service as an operations manager.

89.

Lindbergh should have reasonably expected that Plaintiff would act in reliance on said promise, i.e., to perform work as an operations manager for Defendant.

90.

Lindbergh's promise induced Plaintiff to act in reliance thereof, i.e., to perform work as an operations manager for Defendant, to his detriment.

91.

Plaintiff's work as an operations manager for Lindbergh conferred a benefit on Lindbergh.

92.

Lindbergh failed to pay Plaintiff in accordance with its promise.

93.

Plaintiff relied on Lindbergh's promise.

94.

Plaintiff's reliance on Lindbergh's promise was reasonable.

95.

Injustice can only be avoided by enforcement of Lindbergh's promise.

96.

Plaintiff is entitled to a recover from Lindbergh the reasonable value of the services he provided in an amount to be determined at trial.

**WHEREFORE**, Plaintiff requests that this Court:

    (a)    Take jurisdiction of this matter;

(b)     Issue an Order holding Plaintiff to be an "employee" as that term is defined under the FLSA;

(c)     Issue a judgment holding that Defendants are "employers" as that term is defined under the FLSA and that Defendants have failed to compensate Plaintiff in accordance with the requirements of the FLSA;

(d)     Award Plaintiff all due but unpaid minimum wages and liquidated damages equaling 100% of the minimum wages due Plaintiff, as required by the FLSA;

(e)     Award Plaintiff payment for each overtime hour worked during the relevant time period, calculated at one-and-one-half times his regular rate, and liquidated damages equaling 100% of the overtime wages due Plaintiff, as required by the FLSA;

(f)     Award Plaintiff prejudgment interest on all amounts owed to the extent that liquidated damages are not awarded;

(g)     Award Plaintiff nominal damages;

(h)     Award Plaintiff his reasonable attorney's fees and costs of litigation on his FLSA claim pursuant to 29 U.S.C. § 216(b);

(i)     Issue an Order holding Lindbergh  to be an "employer" as that term is

        defined in O.C.G.A. § 34-4-3;

(j)     Issue a judgment declaring that Plaintiff is an employee covered by

        the Georgia minimum wage statute and that Lindbergh has failed to

        comply with the requirements of O.C.G.A. § 34-4-3;

(k)     Award Plaintiff all due but unpaid minimum wages and liquidated

        damages equaling 100% of the minimum wages due Plaintiff from

        Lindbergh, as required by O.C.G.A. § 34-4-6;

(l)     Award Plaintiff his reasonable attorney's fees and costs of litigation

        pursuant to O.C.G.A. § 34-4-6;

(m)     Issue a judgment holding that Lindbergh breached a contract with

        Plaintiff by refusing to pay him for his work;

(n)     Award Plaintiff judgment against Lindbergh for his contract claim in

        an amount to be proved at trial;

(o)     Award Plaintiff judgment against Lindbergh for his quantum meruit

        claim in an amount to be proved at trial;

(p)     Award Plaintiff judgment against Lindbergh for his promissory

        estoppel claim in an amount to be proved at trial;

(q)    Award Plaintiff his reasonable attorney's fees and costs of litigation, pursuant to O.C.G.A. § 13-6-11 and the Georgia common law;

(r)    Enter judgment for Plaintiff in an amount reflecting the award of all damages and relief requested in this Complaint;

(s)    Grant a trial by jury as to all matters properly triable to a jury; and

(t)    Award any and such other further relief this Court deems just, equitable and proper.

This 24th day of July 2016.

Respectfully submitted,

**DELONG, CALDWELL, BRIDGERS, FITZPATRICK & BENJAMIN, LLC**

/s/ Matthew W. Herrington

3100 Centennial Tower
101 Marietta Street
Atlanta, Georgia 30303
(404) 979-3150
(404) 979-3170 (f)
benjamin@dcbflegal.com
matthew.herrington@dcbflegal.com

Mitchell D. Benjamin
Ga. Bar No.  049888
Matthew W. Herrington
Ga. Bar No. 275411

**Counsel for Plaintiff**